## No. 13,825.

### A. LEHMAN & Co. vs. P. N. COULON ET ALS.

#### SYLLABUS.

##### MOTION TO DISMISS.

The different amounts to be considered in order to determine whether the sale was simulated *vel non,* being in the aggregate more than two thousand dollars, and the issues, in the main, including more than that sum, the motion to dismiss is not granted.

##### ON THE MERITS.

1. In a suit by a creditor against the husband and wife to have a *dation en paiement* decreed simulated, the husband was permitted to testify to the

extent that his own interest was involved. He had some interest involved, besides, he had acted as his wife's agent, and, in consequence, he was a competent witness. Moreover, without his testimony, there was enough testimony before the court to sustain the sale as not being a mere simulation.

2. The wife, separated in property, whose community interests are dissolved, still retains the right to recover against her husband any amount which he has received for her and converted to his own use.

3. The wife received amounts, made crops, and realized revenues on her separate property, for which her husband, by using same, became liable. The testimony does not prove that the husband made no revenues and that the result of his exertions did not go to the support of the family. In the absence of that proof, the amount required is not deducted from her separate right in order thereby to reduce it to nil and give rise to the conclusion that the wife has no separate right, as the whole amount went to the support of the family.

4. Sums paid previous to a *dation en paiement* for the support of the family, from all appearances, by the husband, will not be charged to the wife on the ground that she is liable for necessaries for the family.

5. The *dation en paiement* by the husband to the wife was not a simulation.

APPEAL from the Fourteenth Judicial District, Parish of Avoyelles—*Peterman, Judge ad hoc.*

*Adolph Vallery Coco* for Plaintiffs, Appellants.

*T. H. Couvillon* and *Joffrion & Joffrion* for Defendants, Appellees.

The opinion of the court was delivered by

BREAUX, J. Plaintiffs sued the husband and wife for seven hundred and forty-one dollars and ninety-six cents and asked for a writ of attachment. They set out that the *dation en paiement* which they attack was made in fraud of creditors, or, in the alternative, that it is a simulation. The property transferred by this *dation* consisted of a very limited stock of goods, horses, and other property of little value, and a fractional interest in a gin company. The husband had no other property than that transferred, except some notes and accounts. The indebtedness of the husband for which the *dation* was made, the parties declare in the deed, was fourteen hundred and fourteen and 50-100 dollars, which the husband declares was received by him and converted to his use. Plaintiff avers that the husband was insolvent.

The defendant husband seeks to meet the issues tendered by averring in his answer that the *dation* was made in good faith and for valuable

consideration. The wife avers that the property became hers for a consideration equal to its value.

The District Court pronounced judgment for plaintiff for its moneyed demand, dissolved the attachment which had been issued, and, as relates to the defendant's wife, rejected her reconventional demand. Plaintiff appeals.

## MOTION TO DISMISS.

Defendants contend that this court is without jurisdiction, *ratione materiae.*

Without recounting the facts at any length, we think it sufficient to state that if the action is revocatory, this court is without jurisdiction. This, we take it, is conceded by counsel for plaintiffs, who urge that this court should entertain jurisdiction in so far as plaintiff seeks to set aside the *dation en paiement,* on the ground that the husband is not indebted to the wife and the pretended consideration is fictitious.

The District Court passed upon these issues, and decided that the *dation* was neither fraudulent nor simulated. We, therefore, will review the issues of simulation *vel non* and will not pass on the question as to the asserted attempt to defraud. The different amounts to be considered in determining whether or not the *dation en paiement* is simulated or not, bring the case within this court's jurisdiction.

## ON THE MERITS.

We are informed by the evidence that the defendant, Mrs. Coulon, had obtained, in 1894, a judgment of separation of property, and of dissolution of the community of acquets and gains, on the ground that the husband was in embarrassed circumstances, and that she was entitled to the exclusive administration of her estate. It appears that she did not set up any claim in this suit for separation of property, except a small tract of land she alleges was worth about eight hundred dollars, and of which she was decreed the owner.

Plaintiff seeks to avail itself of the fact that although she was separate in property from her husband, and the community had been dissolved, she permitted her husband to go on with the business, and she did not seek to avail herself of her judgment of separation of property.

This mode of doing business on the part of the husband may not have been highly commendable in a business point of view. The business, in so far as the wife was concerned, should have been carried on

in her name, but the fact that this was not done did not have the effect of extinguishing such rights as she may have had. She still was entitled to her separate estate taken by her husband and converted to his own use. He continued bound to account for property he had received. The merchants who are now his creditors, including plaintiff here, must, or should, have been aware that there existed a judgment of separation of property and that by crediting him, they ran the risk of losing, in case the wife chose to claim the right she acquired growing out of the conversion of her property to his own use.

A short time after the judgment had been obtained, she bought a small tract of land adjacent to land she already owned for the price of eight hundred dollars, payable in installments. These two tracts she afterward sold for the sum of eighteen hundred dollars. A portion of this amount was retained by her vendee in satisfaction of her debt, leaving about one thousand dollars which she received and which passed into the possession of her husband, and which he converted to his own use. She received from the sale of the swamp lands, the sum of twenty-five dollars. She made crops on her land, which crops were sold and the proceeds received and used by her husband.

He opened a store in his name with these different amounts, and not long afterward failed. This was followed by his sale to his wife of the property on hand in satisfaction of her claims.

Taking the revenues made on her two small tracts of land and the amount received by her, the total is over two thousand dollars. Deducting from this sum the different sums with which she can be legitimately charged, there remains enough to her credit to save the *dation en paiement* from being branded as a mere simulation—a *corpus sine anima*.

We are not informed that the husband had any revenue, save the little he made while he kept store just prior to his failure. On the other hand, the wife had land which was cultivated and produced some revenue which the husband received and used. In casting accounts between him and his wife, he must be held to an accounting to the extent of his indebtedness. As just stated, the amounts she received from the sale of her property and the return on crops made on her separate property summed up more than two thousand dollars. Plaintiff sought to prove that this was all expended in paying her debts and in supporting the family. To this end, testimony was introduced of the amount it required to pay the expenses of the family every year for about three

years, which is put down at from three hundred dollars to seven hundred dollars.

The husband, it seems, has some capacity for business. He was a clerk in a store for a number of years. He kept a store for about three years. It is fair to suppose that this store, to the date of his failure. afforded some means of support. He also bought cotton for the market, which may have yielded him some revenue. Taking the evidence as a whole, we are not of the opinion that the wife should be charged with all the expenses, on the ground that the husband had no visible means of support and that they must have been met entirely with the wife's funds. If such, however, be the case, the husband would remain indebted to her for an expense paid by her, which he should have paid, and not she. They were not always charges for which the wife alone is liable in case the husband is without means of support. One of the items, in amount about one hundred dollars, is especially singled out as a sum which should be deducted, it being an amount, plaintiff urges, for which the wife is liable. Plaintiff's contention is that the wife, being separated from her husband in property, and being in control and management of her affairs, she should be charged with this one hundred dollars—a store account for provisions and other family expenses.

We especially refer to this item, because it is the only item supported by direct proof that it was for family supplies. The ground of plaintiff that she should be charged would be legal in an action to compel her to pay the amount, but after payment has been made by the husband, we do not think that a change in the credit can be brought about so as to charge it to the wife.

The husband was primarily the debtor. The debt had been settled by him, and above all, it does not appear with certainty how much of the amount was due for the maintenance of the family. On appeal, the question relates exclusively to simulation *vel non*. We have no concern with the action, in so far as it is one to resolve the sale on the ground of fraud of creditors. In our view, the *dation* was not a simulation.

Plaintiff argues that the husband should not have been permitted to testify, and invokes the law by which his testimony is excluded, when it relates to his wife's interest. We have, to some extent, considered the issues, without regard to his testimony, and even then we have not found sufficient good reason to decree that the sale is simulated. Testimony was admitted without objection, of his agency in behalf of the

wife. As an agent, his testimony was admissible. It was also admissible, in so far as he was personally concerned. Considered from these points of view, the objection falls.

As relates to defendants' demand in reconvention, we do not think we should be hasty in condemning creditors to pay damages for bringing suit and seeking by attachment to protect their rights. The facts shown do not impress us as giving rise to a valid claim for damages. This was the opinion of the district judge, and, in this, we agree with him.

For these reasons, the judgment appealed from is affirmed.

BLANCHARD, J., concurs in the decree.

Rehearing refused.